UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| SZEN CORP., a Washington corporation,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>DUSTIN ANDERSON, et al.,<br><br>　　　　　Defendants. | No. CV-06-5073-FVS<br><br>ORDER GRANTING<br>PRELIMINARY INJUNCTION |

**THIS MATTER** came before the Court on June 1, 2007, based upon the plaintiff's motion for a preliminary injunction. The plaintiff was represented by Roger Townsend. The defendants were represented by Brendan V. Monahan.

**BACKGROUND**

Szen Corp. retained Brian N. Bershad, Ph.D., a professor of computer science at the University of Washington, to compare two computer programs. One is entitled "Eighteen." It was developed by Szen Corp. The other is entitled "Edge GMS." It was developed by the defendants. Szen Corp. provided the source code for the programs to Professor Bershad. He compared the names of modules, routines, and database fields. In addition, he compared programmer comments, screen messages, and the structure of routines. According to him, the source code for Edge GMS contains a large number of elements -- particularly

ORDER - 1

<mark>1</mark> names and programmer comments -- that are present in the source code for Eighteen.

**RULING**

Szen Corp. alleges that the defendants have infringed its exclusive rights in the source code for Eighteen. In order to prevail, Szen Crop. must prove that it owns a copyright for Eighteen and that the defendants have copied protected elements of the source code. *See Swirsky v. Carey*, 376 F.3d 841, 844 (9th Cir.2004). Szen Corp. may prove copying by showing that the defendants had access to the source code for Eighteen and that elements of the Edge GMS source code are substantially similar to protected elements in the source for Eighteen. *Id.* However, as evidence of the defendants' access to the source code for Eighteen increases, the burden upon Szen Corp. to show substantial similarity decreases. *Id.*

The defendants do not deny that Szen Corp. owns the copyright for Eighteen; that they had a high degree of access to the source code; and that the similarities identified by Professor Bershad exist. Nevertheless, relying in part upon analysis performed by Thomas A. Day, the defendants deny that the similarities involve protected elements of the source code for Eighteen or that the similarities are substantial. As support for this contention, they cite *Newton v. Diamond*, 388 F.3d 1189, 1195 (9th Cir.2004), among other authorities.

Source code is copyrightable. 17 U.S.C. § 101. *See Wall Data Inc. v. L.A. County Sheriff's Dep't*, 447 F.3d 769, 776 (9th Cir.2006)

ORDER - 2

("a computer program is copyrightable as a 'tangible medium of expression'" (quoting *Apple Computer, Inc. v. Formula Int'l, Inc.*, 725 F.2d 521, 524-25 (9th Cir.1984))).  At this stage in the proceedings, the principal issue is whether the similarities identified by Dr. Bershad -- the existence of which is not denied by the defendants -- involve protected elements of the source code for Eighteen; especially whether the names and programmer comments cited by Dr. Bershad are protected elements even though they are not incorporated into the object code that ultimately is executed by computers.  *See Swirsky*, 376 F.3d at 845 ("[b]ecause the requirement is one of substantial similarity to *protected* elements of the copyrighted work, it is essential to distinguish between the protected and unprotected material") (emphasis in original)).  Given the rule that source code is copyrightable, and the absence of precedent indicating that names and programmer comments in source code are not protected elements, there is a reasonable likelihood that Szen Corp. will be able to avoid summary judgment and prevail at trial.  That being the case, Szen Corp. is entitled to a preliminary injunction.  *See LGS Architects, Inc. v. Concordia Homes of Nev.*, 434 F.3d 1150, 1155-56 (9th Cir.2006).

   **IT IS HEREBY ORDERED:**

   Szen Corp.'s motion for a preliminary injunction (**Ct. Rec. 3**) is granted; provided,

   (a) Szen Corp. must post a bond in the amount of Eight Hundred

ORDER - 3

Fifty Thousand ($850,000.00) Dollars, and

    (b) the parties are to submit a proposed order that specifies the terms of the injunction.

**IT IS SO ORDERED.**  The District Court Executive is hereby directed to enter this order and furnish copies to counsel.

**DATED** this ___13th___ day of June, 2007.

                              s/ Fred Van Sickle
                                Fred Van Sickle
                          United States District Judge

ORDER - 4